FILED & JUDGMENT ENTERED
Steven T. Salata

Oct  05  2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-33189 |
| REGINA BOSTON, | CHAPTER 7 |
| DEBTOR | |
| REGINA BOSTON, | |
| PLAINTIFF, | ADVERSARY PROCEEDING NO. 10-03300 |
| v. | |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | |
| DEFENDANT. | |

ORDER

THIS CAUSE coming on to be heard before the undersigned United States Bankruptcy Judge for the Western District of North Carolina on September 8, 2011 and upon hearing

testimony from Plaintiff, reviewing the exhibits proffered into evidence, and hearing the arguments and representations of Plaintiff and counsel for Defendant, the Court finds as follows:

1.  Under § 523(a)(8) of the Bankruptcy Code, a discharge under § 727 does not discharge a debt for an educational loan insured by a governmental unit or made under any program funded in whole or in part by a governmental unit or nonprofit institution "unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents."

2.  Defendant is a private, non-profit corporation that acts as a student loan guaranty agency, and pursuant to 34 C.F.R. § 682.200 provides specialized guarantor services to the United States Department of Education and other guaranty agencies, including accepting assignment of student loans where the borrower has filed bankruptcy.

3.  Plaintiff filed this action on December 13, 2010 seeking to discharge her student loan debt as an undue hardship pursuant to 11 U.S.C. § 523(a)(8).

4.  The student loan debt at issue is the type of loan contemplated by 11 U.S.C. § 523(a)(8).

5.  The current balance of Plaintiff's student loan debt, as of September 8, 2011, is $151,170.10.

6.  The student loan debt at issue was borrowed by Plaintiff for her education at Phillips Business School where she obtained an associate's degree in computer programming and at Devry University where she obtained a bachelor's degree in computer information systems.

7.  Plaintiff is 43 years old, resides in Charlotte, North Carolina and is currently self-employed in the insurance industry.

8. While the Bankruptcy Code does not define "undue hardship," the Fourth Circuit has adopted the three prong test originally outlined in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2nd Cir. 1987) to determine whether a plaintiff has an "undue hardship."

9. The Court applies the *Brunner* test to this case.

10. Under the *Brunner* test, Plaintiff cannot qualify for a discharge of her student loan debt unless she can establish:

   a. That she cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the loans;

   b. That additional circumstances exist indicating that her current state of affairs is likely to persist for a significant portion of the repayment period; and

   c. That she has made a good faith effort to repay her student loan debt.

11. Plaintiff has the burden of proof and must show, by a preponderance of the evidence, that repayment of her student loan debt would create an "undue hardship" upon her and her dependents. Plaintiff must meet each of the three prongs of the *Brunner* test for her student loan debt to be dischargeable.

12. It is against this high standard that Plaintiff has failed to show this Court that she is entitled to a discharge of her student loan debt.

13. Under the first prong of the *Brunner* test, Plaintiff must prove that if she is "required to make the monthly student loan payment, [her] standard of living will 'fall below a 'minimal' level.'" *Brunner*, 831 F.2d at 396.

14. Plaintiff's pleadings, discovery responses and testimony set forth that her hardship is financial in nature. *Brunner's* first prong requires that Plaintiff show more than an austere budget or tight finances. "Current financial adversity, characteristic of all debtors in

bankruptcy court, is not a determinative factor in establishing dischargeability." *Garrett v. N.H.Educ. Assistance Found*., 180 B.R. 358, 362 (Bankr. D.N.H. 1995).

15. Despite her alleged financial hardship, Plaintiff's Schedule J shows excess monthly income. And while Plaintiff eluded to the fact that her income has decreased to an unknown number, according to Plaintiff's testimony, her expenses have likewise decreased by over $500.00 per month since the filing her bankruptcy.

16. Plaintiff's Schedule I states that she expects to receive a 20% increase in her pay during the year following the filing of her bankruptcy and while Plaintiff testified that she has not received such an increase in her income yet, her income does historically increase by approximately 20% per year and should increase by even more when the economy improves.

17. Plaintiff further testified that her self-employment in the insurance industry affords her a good life with her son and Plaintiff is therefore not currently looking for more lucrative employment and has not looked for other employment since 1999.

18. Furthermore, based upon her current circumstances, Plaintiff is eligible for income contingent repayment options under which she may only have to make a nominal payment but would remain in good standing on her student loan debt.

19. Based upon Plaintiff's current monthly income as set forth in her bankruptcy petition, Plaintiff's monthly payment under an income contingent repayment option would be approximately $72.00. If Plaintiff's income has decreased from what is set forth in her bankruptcy petition, her monthly payments could decrease accordingly.

20. Plaintiff testified that she has been able to live virtually debt-free but for her student loan debt. Plaintiff's Schedule F and Amended Schedule F show roughly $6,000.00 in

unsecured debt, excluding student loans. All of that debt has now been discharged. Additionally, Plaintiff was able to purchase a home in which she now has equity.

21. For the reasons set forth above in paragraphs 13-20, the Court finds that Plaintiff did not meet her burden under the first prong of the *Brunner* test.

22. The Fourth Circuit previously held that "the [second prong] is the heart of the *Brunner* test . . . and looks for exceptional circumstances beyond a debtor's current situation" and requires a showing "that a 'certainty of hopelessness' exists that the debtor will not be able to repay the student loans." *Educ. Credit Mgmt. Corp. v. Frushour*, 433 F.3d 393, 401 (4th Cir. 2005). The *Brunner* test's second prong requires circumstances suggesting not merely a present inability to pay, but the existence of exceptional circumstances suggesting "the certainty of hopelessness." *In re Roberson*, 999 F.2d 1132 (7th Cir. 1993). Such hopeless circumstances generally include illness, disability, lack of useable job skills or a large number of dependents. Other courts have required "a total incapacity . . . in the future to pay debts for reasons not within the debtor's control." *In re Faish*, 72 F.3d 298 (3rd Cir. 1995).

23. Plaintiff testified that she is a healthy individual with a college degree and an active North Carolina and South Carolina insurance license. She is educated and employable.

24. Plaintiff testified that she is gainfully employed and that she makes a good living for herself and her son and that she is not concerned about her income because when the economy picks up, her income will likewise pick up.

25. Plaintiff testified that she has not looked for more lucrative work since 1999 and has no plans to do so in the near future because she expects her income to increase.

26. There is no indication of any "exceptional circumstance" suggesting that Plaintiff will have a continuing inability to repay her student loans over an extended period of time.

27.Plaintiff testified that she expects her income to increase at an average of 20% per year.  She further testified that part of the reason she believes she cannot repay her student loans is because she wants to be able to save for her son's college education so that he will not have to use student loans.  It is unacceptable that Plaintiff seeks a hardship discharge of her student loan debt that was borrowed to pay for her own education so that she may someday pay for her son's education.

28.Debtors must do "everything within their power to improve their financial situation" before they can show that a current inability to both maintain a minimal standard of living and repay student loan debt is likely to persist throughout much or all of the repayment period.  *Educ. Credit Mgmt. Corp. v. Waterhouse*, 333 B.R. 103, 2005 U.S. Dist. LEXIS 28619 (W.D.N.C. 2005).

29.Plaintiff here, like the Plaintiff in *Waterhouse*, looked for a job within her chosen filed immediately after graduation but since that time has failed to actively seek additional or higher paying work outside of her current commission-based field.

30.Plaintiff is healthy, happily self-employed and expecting increases in her income with nothing stopping her from pursuing more lucrative employment in the future.

31.For the reasons set forth above in paragraphs 22-30, the Court finds that Plaintiff did not meet her burden under the second prong of the *Brunner* test.

32.*Brunner's* good faith (third) prong is meant to effect Congressional intent by requiring the repayment of student loans in all but the most extreme cases.  *Frushour*, 433 F.3d at 399-400.

33. Plaintiff has alleged that she made a good faith effort to repay her student loans by seeking and obtaining forbearances. The Fourth Circuit previously discounted this very argument in *Educ. Credit Mgmt. Corp. v. Mosko*, 515 F.3d 319, 326-27 (4th Cir. 2008).

34. Plaintiff testified that she consolidated her loans in 2005 and has not made any payments on the consolidated loan nor has she looked for higher paying work.

35. The Fourth Circuit requires a debtor to make good faith efforts to negotiate a repayment plan and has previously held that a debtor's effort to seek out loan consolidation options that make the debt less onerous is an important component of the good-faith inquiry. *Frushour*, 433 F.3d at 402.

36. Plaintiff qualifies for and was offered an income-based repayment option where her monthly payment could be as low as $0.00. Plaintiff has failed to follow up on her lengthy forbearance/deferment periods with any repayment effort nor has she sought to improve her circumstances related to her employment and income.

37. Plaintiff has refused to consider any income-based repayment options citing possible tax consequences at the end of the repayment period. However, Plaintiff admitted that she was aware that the possible tax consequences may not become a reality unless Plaintiff is considered solvent at the end of the repayment period. Furthermore, Plaintiff testified that she did not know whether or not she will be solvent in the future.

38. The South Carolina District Court recently addressed the tax argument in *Ardis v. Educ. Credit Mgmt. Corp.*, 340 B.R. 309, 2006 U.S. Dist. LEXIS 18605 (D.S.C. 2006). Relying on the *Frushour* opinion, the *Ardis* court found that "the rejection of the available repayment plans based on such long range concerns is too speculative to serve as a basis for finding that the plan would impose an undue hardship." *Id*. at 313.

39.     Plaintiff has made no efforts to improve her income situation since last applying for jobs in 1999 and has refused to consider alternative repayment options that are available to her that could require monthly payments as low as $0.00.

40.     For the reasons set forth above in paragraphs 32-39, the Court finds that Plaintiff did not meet her burden under the third prong of the *Brunner* test.

41.     The law is clear in the Fourth Circuit regarding what Plaintiff needed to prove to this Court by a preponderance of the evidence in order to avail herself to the undue hardship exception found in § 523(a)(8).  Plaintiff has failed to satisfy each prong of the *Brunner* test.

It is therefore ORDERED that:

1. Plaintiff's student loan debt is non-dischargeable; and

2. Judgment is entered in favor of Defendant Educational Credit Management Corporation.

This Order has been signed electronically.         United States Bankruptcy Court
The judge's signature and Court's seal
appear at the top of the Order.